In the United States District Court
Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| Harold Sauls, et al., | § | |
|    *Plaintiff*, | § | |
| | § | Civil Action No. 4:19-cv-00953-O |
| v. | § | |
| | § | |
| 24 Hour Fitness USA, Inc., | § | |
| | § | |
|    *Defendant*. | § | |

## Defendant's Motion *in Limine*

NOW COMES Defendant before the beginning of this trial, before the commencement of voir dire examination of the jury panel and before all parties have actually announced ready in open court, and respectfully files this Motion *in Limine*. Defendant seeks an order instructing all attorneys, parties, and witnesses to refrain from making any statement, asking any question, or otherwise making any direct or indirect reference to or suggestion or innuendo of the following matters in the presence or hearing of any juror or prospective juror. In the alternative, Defendant requests an order requiring the attorneys, parties, and witnesses to first bring any of these matters to the attention of the Court and to obtain a ruling as to the matter's admissibility or appropriateness prior to making any statement, asking any question, or otherwise making any reference to or suggestion of these matters, whether direct or indirect, in the presence or hearing of any juror or prospective juror.

The following matters are immaterial, irrelevant, inadmissible, inappropriate, and prejudicial to the consideration and resolution of the case. Discussion or reference to these matters has no bearing on the material facts to be presented to the jurors or

prospective jurors. Further, presentation of these matters would be improperly prejudicial, harmful, without probative value, and are of the character to inappropriately create bias in favor of Plaintiff or unfair prejudice against Defendant. Indeed, the mere reference to these matters would likely cause improper prejudice in the minds of the jurors or prospective jurors, even if appropriate objections were made and sustained by the Court. Further, such bias and prejudice would cause irreparable harm to Defendant to the detriment of a fair presentation of its case to the jury. An instruction to disregard would not sufficiently cure such harm or adequately dispel the improper bias and prejudice that would result from the presentation or discussion of these matters before the voir dire panel and/or jury. The matters are listed below for the Court's consideration:

1.   Any evidence or mention of medical expenses that were not actually paid or incurred by Plaintiff or on his behalf. TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105; *Haygood v. De Escabedo*, 356 S.W.3d 390, 398 (Tex. 2012). Medical charges that were billed, but later discounted, adjusted, or written off, are neither recoverable, nor admissible. *Haygood*, 356 S.W.3d at 398. Any documents reflecting such charges should be redacted to only show the paid-or-incurred amount.

   Granted _____   Denied _____   Agreed _____

2.   Any evidence of medical liens or other repayment obligations that could impact Plaintiff's net recovery, if any. This type of evidence is not relevant.

   Granted _____   Denied _____   Agreed _____

3.     Any evidence or mention of any other lawsuits against 24 Hour Fitness. Such evidence is irrelevant, or to the extent it is relevant, it is minimally relevant and unduly prejudicial.

Granted _____    Denied _____    Agreed _____

4.     Any evidence or mention of documents or other tangible evidence not disclosed as part of Plaintiff's disclosures under Rule 26(a) and the Court's Scheduling Order(s) in this case.

Granted _____    Denied _____    Agreed _____

5.     Any evidence or mention of damages not disclosed as part of Plaintiff's disclosures under Rule 26(a) and this Scheduling Order(s) in this case. *See* Fed. R. Civ. P. 26(a), 37(c).

Granted _____    Denied _____    Agreed _____

6.     Any evidence of or reference to the financial status of Plaintiff and Defendant, including any mention that a party or witness is rich or poor. Such evidence is not relevant to any issue in dispute in this litigation, is immaterial, and is highly prejudicial. *See F.T.C. v. Turner*, 609 743, 745 (5th Cir. 1980); *Pamlab, L.L.C. v. Brookstone Pharmaceuticals, L.L.C.*, 2010 WL 11541806, at *1-2 (E.D. La. Feb. 19, 2010).

Granted _____    Denied _____    Agreed _____

7.     Any evidence or mention of what any doctor or other medical professional has told Plaintiff or any other fact witness about any of the medical issues in this case, including Plaintiff's condition, diagnosis, treatment, prognosis,

medical costs, and future medical needs. Such evidence is hearsay, and until and unless Plaintiff can demonstrate that an exception applies, the jury should not be allowed to hear it.

Granted _____   Denied _____   Agreed _____

8. Any evidence or mention of insurance coverage for this claim or that bankruptcy was filed by Defendant.

Granted _____   Denied _____   Agreed _____

9. Any reference to the amount of medical bills incurred by Plaintiff until a doctor testifies based upon reasonable medical probability that the past expenses were reasonable and necessary to treat the Plaintiff's injuries allegedly sustained in the incident made the basis of this suit.

Granted _____   Denied _____   Agreed _____

10. Any reference to or evidence of any subsequent remedial measures or proposed subsequent remedial measures or actions by Defendant. Fed. R. Evid. 407(a).

Granted _____   Denied _____   Agreed _____

11. Any evidence regarding attorney's fees and/or costs or expenses incurred by Plaintiff in connection with bringing and prosecuting this suit.

Granted _____   Denied _____   Agreed _____

12. Any statement which tends to inform the jury or the jury panel of the effect of its answers to Jury Questions or a general verdict form or any reference to whether a certain jury question or instruction or charge is a Plaintiff's issue, instruction, or charge, or a Defendant's issue, instruction, or charge.

Granted _____   Denied _____   Agreed _____

13. Any reference to building codes or standards related to the design or construction of the facility at issue. These matters are irrelevant, as it is undisputed that Defendant neither designed nor constructed the building or amenities therein which are at issue in this case.

Granted _____   Denied _____   Agreed _____

14. Any reference to prior issues with the light located in the spa at issue in this case. It is undisputed that the spa was drained at the time of the incident to make repairs to the light. However, the reason for the spa having been drained is not relevant to the jury's determination of whether it constituted an unreasonably dangerous condition, or any other determination to be made by the jury.

Granted _____   Denied _____   Agreed _____

15. Reference to a "prior fall" into the spa at issue. The evidence is undisputed that the prior incident involved an individual who overheated in the steam room/sauna, sat near the spa, passed out and fell into it. The circumstances of that incident are too dissimilar for it to have any relevance to the accident at issue in this case.

Granted _____   Denied _____   Agreed _____

16. Any definition of negligence, such as that contained in the Certified Pool Operator Handbook, that differs from the definition that will be provided to the jury in this case. Additionally, any testimony by witnesses that any party did or did not do anything "wrong," where the definition of negligence was not referenced in the question posed to the witness.

Granted _____   Denied _____   Agreed _____

17. Any reference to Defendant's internal policies and procedures that Plaintiffs claim were violated in this instance. A company's internal policies do not constitute any evidence of the governing standard of care. *See FFE Transp. Servs. V. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2004); *see also Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.). A company's internal policies will not create a negligence duty where none otherwise exists. *See, e.g., Cox v. City of Fort Worth*, 762 F.Supp.2d 926, 941 (N.D. Tex. 2010) ("Having alleged no duty outside of the implementation of Texas Health's own internal policies, plaintiffs' negligence claim fails.").

Granted _____ Denied _____ Agreed _____

Respectfully submitted,

Brown Sims

By: _____
Nelson Skyler
Texas Bar No. 00784982
nskyler@brownsims.com
Bridget R. McLaurin
Texas Bar No. 24002842
bmclaurin@brownsims.com
Brown Sims
1177 West Loop South, 10th Floor
Houston, Texas 77027
Phone: 713.629.1580
Fax: 713.629.5027

**Attorneys for Defendant
24 Hour Fitness USA, Inc.**

## CERTIFICATE OF CONFERENCE

I certify that, in accordance with the conference requirements for this Court, I have conferred with counsel for Plaintiffs regarding the contents of this Motion. Plaintiffs' counsel has indicated he is not opposed to items 2-3, 5-6, 8, and 11 in this Motion.

_____
Bridget McLaurin

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the following attorneys of record and/or pro-se litigants on November 4, 2021 (original) via the Court's CM/ECF system:

- Amos Waranch
- Hunter A. Nunn

_____
Nelson Skyler