UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **HAROLD SAULS, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00953-O |
| § | |
| **24 HOUR FITNESS USA, INC.,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiffs' Motion for Entry of Judgment (ECF Nos. 91–92), filed November 19, 2021; Defendant's Objection (ECF No. 97), filed December 10; Plaintiffs' Reply (ECF No. 101–02), filed December 22; Defendant's Renewed Motion for Judgment as a Matter of Law and Joint Request for New Trial (ECF No. 96), filed December 1; Plaintiffs' Response (ECF Nos. 98–99), filed December 15; and Defendant's Reply (ECF No. 100), filed December 22. The Court **DENIES** Plaintiffs' Motion for Entry of Judgment and **GRANTS** Defendant's Renewed Motion for Judgment as a Matter of Law.

### I.   BACKGROUND

In 2018, Harold Sauls toured a gym operated by 24 Hour Fitness USA, Inc.[1] An employee of 24 Hour Fitness guided Sauls on the tour, which included a visit to the gym's wet area. The wet area contains the gym's pool, sauna, steam room, and in-ground hot tub. At the time of the tour, workers had drained the hot tub to replace a lightbulb. 24 Hour Fitness had placed no warnings about the hot tub being empty, nor had it placed any barriers or physical restrictions around the hot tub. The remainder of the wet area was otherwise operational and in use by patrons of the gym.

---

[1] The facts relevant to this motion are undisputed. *See* First Am. Compl. 3, ECF No. 15; Answer 1–2, ECF No. 16.

Sauls entered the wet area first, followed by his tour guide.[2] As he walked forward, Sauls was looking at the sauna—he did not see the hot tub. After taking several steps, Sauls lost his footing and tumbled into the empty tub. Medical staff attended Sauls, who suffered serious injuries. Plaintiffs' Trial Exhibit 27 shows the entrance Sauls and the tour guide used to access the wet area:



---

[2] The facility's surveillance footage captured the incident. *See* Pls. Trial Ex. 1.

Defendant's Trial Exhibit 15 shows the hot tub as viewed from the doorway Sauls walked through:



Sauls and his wife sued 24 Hour Fitness under a theory of premises liability, and the Court held a jury trial in early November 2021. During trial, 24 Hour Fitness moved for judgment as a matter of law. *See* Def.'s Trial Br., ECF No. 83. 24 Hour Fitness's primary argument was that it owed no duty to make safe or warn against any danger the hot tub presented because the hot tub was an open and obvious condition. *Id.* at 6–12. The Court deferred ruling on the motion and submitted the case to the jury.

The jury rendered a verdict in favor of Plaintiffs. *See* Jury Verdict 1–2, ECF No. 88. The jury assigned 90% of the responsibility for Sauls's injuries to 24 Hour Fitness, and 10% to Sauls. *Id.* at 2. The jury found that Sauls sustained about $1.3 million in damages for past and future physical pain, mental anguish, physical impairment, and medical expenses. *Id.* at 3. The jury also found that Sauls's wife sustained approximately $73,000 in damages for past and future loss of

household services and loss of consortium. *Id.* at 4. Finally, the jury found that 24 Hour Fitness was not grossly negligent for Sauls's injuries and thus declined to award any exemplary damages. *Id.* at 5.

The parties could not agree on proper post-trial procedures,[3] so the Court issued an order setting briefing deadlines.[4] Plaintiffs moved for entry of judgment, and 24 Hour Fitness renewed its motion for judgment as a matter of law.[5] The parties exchanged briefs, and the motions are ripe for review.

## II.  LEGAL STANDARDS

Under Rule 50, a party may move for judgment as a matter of law at any time before a case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). A court should grant judgment as a matter of law when a reasonable jury would have no "legally sufficient evidentiary basis to find for the party on" an issue on which that party has been fully heard. *Id.* at 50(a)(1). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." *Id.* at 50(b). A party may then renew the motion under Rule 50(b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150 (2000). In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences

---

[3] *See* Joint Status Report, ECF No. 90; Pls.' Mot. to Clarify or Extend Deadline to Respond to Rule 50(a) Mot., ECF No. 93.
[4] Order, ECF No. 95.
[5] *See* Pls.'s Mot. for J., ECF No. 91; Def.'s Mot. for J. as a Matter of Law and Joint Request for New Trial, ECF No. 96.

from the facts are jury functions, not those of a judge." *Id.* at 150 (citation and internal quotation marks omitted). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

### III. ANALYSIS

Under Texas law,[6] landowners owe varying duties of care to visitors on their land. The level of care owed depends on the legal status of the visitor and the condition of the land. The parties agree that Sauls was an invitee of 24 Hour Fitness,[7] which means that 24 Hour Fitness has "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Consequently, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee."[8] *Id.* at 204.

The issue is whether the hot tub was an open and obvious condition. "Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). "The question is whether the danger is so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof." *Id.* (cleaned up). Because the test is objective, the standard is "what a reasonably prudent person would have known under similar circumstances." *Id.* A court "must consider the 'totality of' the 'particular' circumstances the plaintiff faced." *Id.* at 788–89 (citation omitted). "If the trial court determines that there is no duty, the inquiry regarding negligence ends."

---

[6] This is a diversity action, so state law applies. *See Samuels v. Drs. Hosp., Inc.*, 588 F.2d 485, 488 (5th Cir. 1979).
[7] *See* First Am. Compl. 4, ECF No. 15; Answer 3, ECF No. 16.
[8] There are two exceptions to the rule, but neither applies in this case. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 205 (Tex. 2015) (outlining the criminal-activity exception and the necessary-use exception).

5

*West v. SMG*, 318 S.W.3d 430, 437 (Tex. App. 2010) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

Texas courts and federal courts applying Texas law have found the following tripping hazards open and obvious:

- A low-profile, foot-level water fountain in the middle of a restaurant. *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-cv, 2019 WL 2588103, at *1, *4 (Tex. App. June 25, 2019).

- Slippery green algae on a wooden ramp. *Jordan v. Tex. Children's Hosp.*, No. 14-17-00699-cv, 2018 WL 4137209, at *5 (Tex. App. Aug. 30, 2018).

- An unattended forklift-like machine in the aisle of a home-improvement store. *Reeves v. Home Depot, U.S.A., Inc.*, No. 16-CA-00615, 2018 WL 405120, at *1, *4 (W.D. Tex. Jan. 12, 2018).

- A thin, white nylon strap sticking out into a store aisle. *Rincon v. Home Depot U.S.A., Inc.*, No. 3:17-cv-02909, 2019 WL 6118406, at *1, *4 (N.D. Tex. Nov. 15, 2019).

- A small clothing tag on the floor of a store aisle. *Robles v. Ross Stores, Inc.*, No. 3:16-cv-0086, 2017 WL 2306527, at *1, *8 (N.D. Tex. May 26, 2017).

- A raised, off-color patch of concrete in the middle of a parking lot. *Hughes v. Kroger Texas L.P.*, No. 3:15-cv-0806, 2016 WL 3390510, at *2–3 (N.D. Tex. Mar. 4, 2016).

- A wrinkle in a large floor mat at the entrance of a store. *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-cv-1187, 2018 WL 4772408, at *1, *3 (N.D. Tex. Oct. 3, 2018).

- An unattended flatbed shopping cart in the aisle of a home-improvement store. *Ille v. Lowe's Home Ctrs., LLC*, No. 1:20-cv-143, 2021 WL 6063112, at *1, *6 (N.D. Tex. Dec. 20, 2021).

These open and obvious conditions share certain features. (1) The conditions were visibly distinguishable from the floor and other surroundings. (2) The conditions were not concealed or obscured. (3) A person reasonably attentive to his surroundings would have spotted the conditions.

The empty hot tub is an open and obvious condition. The hot tub is placed in the center of a walled area next to the pool, about six feet from any doorway. The white tiles of the empty tub

are easily distinguishable from the gray concrete floor. The edges of the hot tub are also discolored, and the floor markings display that the hot tub is three feet, six inches deep. The glass doorway clearly indicates that it is an entrance to the wet area, precisely where one would expect to find a hot tub. The area was well-lit, and the hot tub was obviously drained of water. A reasonably prudent person would have observed these conditions. *See Los Compadres Pescadores*, 622 S.W.3d at 788.

Indeed, the hot tub is more open and obvious than the conditions in the cases cited. It is much larger than a clothing tag on the floor. *See Robles*, 2017 WL 2306527, at *8. It is more conspicuous than a wrinkle in a floor mat. *See Dunn*, 2018 WL 4772408, at *3. It is more brightly colored than a patch of concrete in a parking lot. *See Hughes*, 2016 WL 3390510, at *3. Unlike a shopping cart or forklift, the hot tub is a permanent, stationary feature. *Cf. Reeves*, 2018 WL 405120, at *4; *Ille*, 2021 WL 6063112, at *6. And, unlike a fountain in the middle of a restaurant, one would expect to find a hot tub in the wet area of a gym. *Cf. Culotta*, 2019 WL 2588103, at *4. The caselaw overwhelming supports the conclusion that the hot tub is an open and obvious condition as a matter of law.

Plaintiffs repeatedly stress that Sauls did not actually see or know about the hot tub. That argument attacks a strawman. "[A] landowner generally has no duty to warn of hazards that are open and obvious *or known to the invitee*." *Austin*, 465 S.W.3d at 204 (emphasis added). Those two circumstances "are two sides of the same coin: one focused on the subjective knowledge of the invitee and the other on what would be reasonably observable to a person exercising ordinary care under an objective standard." *Culotta*, 2019 WL 2588103, at *3; *see also Cty. of Cameron v. Brown*, 80 S.W.3d 549, 558 (Tex. 2002) (distinguishing between "imputed knowledge" and "actual knowledge" of a condition). 24 Hour Fitness does not argue that Sauls subjectively knew

7

of or saw the hot tub. *See* Def.'s Reply Br. 2–3, ECF No. 100. Rather, 24 Hour Fitness argues that the hot tub was objectively open and obvious.

Plaintiffs argue in the alternative that "[a]lthough the issue involves an objective test, the issue is evaluated from the *plaintiff's* perspective." Pls.' Resp. Br. 16, ECF No. 98. But that would turn the objective test into a subjective one. "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Los Compadres Pescadores*, 622 S.W.3d at 788. The Court considers "the totality of the particular circumstances the plaintiff faced," not what he subjectively experienced. *Id.* at 789 (cleaned up). Plaintiffs make much of the fact that Sauls did not see or know of the hot tub. As in other cases, that fact is irrelevant to whether the condition was open and obvious as a matter of law. *See, e.g.*, *Rincon*, 2019 WL 6118406, at *4; *Robles*, 2017 WL 2306527, at *8; *Hughes*, 2016 WL 3390510, at *3.

Plaintiffs next argue that the hot tub's visibility is obscured by the graphics on the window and glass door leading to the wet area. *See* Pls.' Resp. Br. 19, ECF No. 98. The graphics do at least partially obscure the view into the wet area. *See* Pls.' Trial Ex. 27, *supra*. But once one enters the wet area, nothing obstructs the view of the hot tub. *See* Def.'s Trial Ex. 15, *supra*. The hot tub may not be open and obvious from *outside* the wet area. Sauls, however, was not harmed outside the wet area. Inside the wet area, where the injury occurred, the hot tub is "so open and obvious that as a matter of law [Sauls] will be charged with knowledge and appreciation thereof." *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978).

Finally, Plaintiffs argue that even if the hot tub's presence was obvious, its danger was not. *See* Pls.' Resp. Br. 16–17, ECF No. 98. Plaintiffs rely on *Los Compadres Pescadores*, in which the Texas Supreme Court held that a live power line was not an open and obvious condition. *See*

8

*Los Compadres Pescadores*, 622 S.W.3d at 789. The Court recognized that "the *presence* of the power line was open and obvious." *Id.* But because one could not tell whether the power line was energized by looking at it, the inherent danger of the power line was not open and obvious as a matter of law. *Id.* Plaintiffs' analogy to *Los Compadres Pescadores* is flawed. The danger of falling into an empty hot tub is readily observable by looking at the hot tub. Unlike a live wire, a reasonable person can see that a hot tub is empty by visual observation. *Los Compadres Pescadores* stands for the proposition that a visible condition posing an invisible danger is not open and obvious. If the hot tub were filled with toxic or electrically charged water, *Los Compadres Pescadores* might be applicable. But looking at the "totality of the particular circumstances the plaintiff faced," the Court must conclude that the presence of the empty hot tub and the danger it imposed were open and obvious to a reasonably prudent person. *Id.* (cleaned up).

Plaintiffs insist that the reasonability of 24 Hour Fitness's actions has already been decided by the jury. "What a reasonable landowner would do is often a jury question, but sometimes it is not." *Austin*, 465 S.W.3d at 204; *see also 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016) (vacating a jury's verdict that the landowner acted negligently after concluding that "no evidence establishes that any condition of [the] premises was dangerous, not open and obvious, and proximately caused the accident"). The empty hot tub was an open and obvious condition as a matter of law, so 24 Hour Fitness owed no duty to warn of the empty hot tub or make it safe. The jury thus had no "legally sufficient evidentiary basis" to find 24 Hour Fitness liable, and 24 Hour Fitness is entitled to judgment as a matter of law. Fed. R. Civ. P. 50(a)(1). Because the Court concludes that the hot tub was an open and obvious condition, it need not address 24 Hour Fitness's alternative arguments in support of its motion.

## IV. CONCLUSION

The empty hot tub was an open and obvious condition as a matter of law, so 24 Hour Fitness cannot be found liable for Plaintiffs' injuries. Accordingly, the Court **DENIES** Plaintiffs' Motion for Entry of Judgment (ECF No. 91), **GRANTS** Defendant's Renewed Motion for Judgment as a Matter of Law (ECF No. 96), and **DENIES** Defendant's request for a new trial. The Court therefore **VACATES** the Jury Verdict (ECF No. 88) and **DISMISSES** the case.

**SO ORDERED** this **1st day** of **February, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**