## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| LINDA SAULS, INDIVIDUALLY AND § <br> AS INDEPENDENT EXECUTRIX OF § <br> THE ESTATE OF HAROLD SAULS, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> 24 HOUR FITNESS USA, INC., § <br> § <br> Defendant. § | Civil Action No. 4:19-cv-00953-O |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiffs' and Intervenor's Joint Motion for Entry of Judgment (ECF No. 153), filed October 18, 2023; Defendant's Opposition in Response to the Joint Motion (ECF No. 157), filed October 27, 2023; and Plaintiffs' and Intervenor's Joint Reply in Support of the Joint Motion (ECF No. 159), filed November 3, 2023. For the reasons set forth herein, the Court **GRANTS** the Joint Motion.

### I. BACKGROUND

The Joint Motion before the Court arises out of a premises-liability dispute between Harold and Linda Sauls ("Plaintiffs") and 24 Hour Fitness USA, Inc. ("Defendant").

#### A. Facts

In 2018, Harold Sauls toured a 24 Hour Fitness gym operated by Defendant in the State of Texas. An employee of Defendant guided Mr. Sauls through his tour, which came to an abrupt conclusion in the "wet area" of the gym. Located there was a swimming pool, in-ground hot tub, sauna, and steam room. Prior to Mr. Sauls's arrival on the 24 Hour Fitness premises, the in-ground hot tub had been drained to replace a lightbulb. The rest of the wet area was otherwise operational

and in use by gym patrons. Notwithstanding the standard practice of posting warning signs to the doors and at the front desk whenever the hot tub is drained, there were no warnings, barriers, or other physical restrictions installed around the emptied tub at the time of Mr. Sauls's tour. Under these circumstances, the employee-tour guide held open the door for Mr. Sauls to enter the wet area. After proceeding approximately six steps forward, Mr. Sauls lost his footing and tumbled down into the barren tub. The fall resulted in serious injuries sustained by Mr. Sauls.

### B. Procedural History

Plaintiffs subsequently brought a premises liability action against Defendant in Texas state court, seeking to recover damages suffered as a consequence of the fall. Defendant thereafter removed the case to this Court. The case proceeded to a federal civil jury trial for two days in early November 2021. At trial, Defendant moved the Court for judgment as a matter of law, *see* FED. R. CIV. P. 50(a), arguing that the empty hot tub was an open and obvious condition alleviating Defendant of any duty to warn against or make safe the danger it presented. Def.'s Br. in Supp. of J. as a Matter of Law, ECF No. 83. The Court deferred ruling on the motion and submitted the case to the jury.

On November 9, 2021, the trial ended with the jury rendering a verdict in favor of Plaintiffs. Verdict Forms, ECF No. 88. Specifically, the jury assigned 90% of the fault for Mr. Sauls's injuries to Defendant and the remaining 10% to Mr. Sauls himself. Under this apportionment, the jury awarded damages approximating: $1.3 million in past and future physical pain, mental anguish, physical impairment, and medical expenses to Mr. Sauls; and $73,000 in past and future loss of household services and loss of consortium to Mrs. Sauls. Lastly, the jury did not find Defendant grossly negligent for Mr. Sauls's injuries and therefore declined to award any exemplary damages to Plaintiffs.

Following the conclusion of trial, Plaintiffs proceeded to file a Motion for Entry of Judgment. ECF No. 91. But before the Court entered judgment, Defendant filed a Renewed Motion for Judgment as a Matter of Law and Motion for New Trial ("Renewed Motion), *see* FED. R. CIV. P. 50(b), arguing that the evidence was legally insufficient to support the jury verdict because, again, the empty hot tub was an open and obvious condition. Def.'s Renewed Motion, 4–12, ECF No. 96. While the motions were still pending the Court's disposition, Plaintiffs terminated Waranch & Nunn, PLLC's ("Intervenor") representation of them in the matter, to which Intervenor filed a Motion to Withdraw in response. ECF No. 103.

On February 1, 2022, the Court issued an opinion and order and final judgment denying Plaintiffs' Motion for Entry of Judgment, denying Defendant's Motion for New Trial, granting Defendant's Renewed Motion, vacating the jury verdict, and dismissing Plaintiffs' claims. *See* Mem. Op. & Order, ECF No. 104; Final J. ECF No. 105. The Court buttressed its decision with caselaw supporting the conclusion that the hot tub at issue constituted an "open and obvious" condition "as a matter of law." Mem. Op. & Order 5–9, ECF No. 104; FED. R. CIV. P. 50(a), (b). A week later, the Court also granted Intervenor's Motion to Withdraw. Order, ECF No. 106.

Plaintiffs timely appealed the Court's dispositive ruling and judgment. On July 7, 2023, the U.S. Court of Appeals for the Fifth Circuit reversed the grant of Defendant's Renewed Motion and rendered judgment for Plaintiffs. *See Sauls v. 24 Hour Fitness USA, Inc.*, No. 22-10182, 2023 WL 4399241, at *1-*3 (5th Cir. July 7, 2023). The Fifth Circuit panel held that there was a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs that: (i) the hot tub in question was not an open and obvious condition; and (ii) Defendant was 90% at fault for the injuries sustained by Mr. Sauls. *See id.* at *3 (citing FED. R. CIV. P. 50(a), (b)). On August 22, 2023, the

case was remanded back to this Court for further proceedings in accordance with the July 7 opinion of the Fifth Circuit. J. & Mandate, ECF No. 131; Op. ECF No. 132.

On August 31, 2023, Intervenor filed an Unopposed Motion to Intervene as a matter of right to enforce its attorneys' lien and protect its fee interest in the final judgment. Unopposed Mot. to Intervene, ECF No. 135. The Motion was granted by U.S. Magistrate Judge Cureton on September 25, 2023. Electronic Order, ECF No. 140. Since the Fifth Circuit handed down its decision, Mr. Sauls has passed away and Mrs. Sauls has substituted in her capacity as Independent Executrix of her husband's estate. Mot. to Substitute Party, ECF No. 147; Order, ECF No. 148. Plaintiffs and Intervenor filed the instant Joint Motion on October 18, 2023, praying for the Court to enter a final judgment pursuant to the jury's original trial verdict and the July 7 opinion and judgment of the U.S. Court of Appeals for the Fifth Circuit. Joint Mot. for Entry of J., ECF No. 153.

The Joint Motion has been fully briefed before the Court and is now ripe for consideration. *See generally* Def.'s Reps. ECF No. 157; Joint Reply ECF No. 159.

## II.   LEGAL STANDARD

When a plaintiff dies after receiving a favorable jury verdict award of damages at trial, the deceased plaintiff remains entitled to the full amount of that damages award. *See Cates v. Creamer*, No. 7:00-CV-0121-O, 2008 WL 2620097, at *3 (N.D. Tex. June 27, 2008) (O'Connor, J.). The prevailing plaintiff also remains entitled to recoverable costs of court to the extent permitted by law and in accordance with applicable procedures. *See* FED. R. CIV. P. 54; 28 U.S.C. § 1920; LR 54.1. In federal diversity jurisdiction cases, federal law dictates prevailing parties' entitlement to post-judgment interest on damages as "calculated at the federal rate," whereas their entitlement to pre-judgment interest on damages is "calculated under state law." *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (citing 28 U.S.C. § 1961; *Nissho–Iwai Co.*

*v. Occidental Crude Sales,* 848 F.2d 613 (5th Cir. 1988)). Federal law governs the demarcation between when post-judgment interest begins to accrue, and pre-judgment interest thereby ceases to accrue. *See* 28 U.S.C. § 1961(a); *See Krieser v. Hobbs*, 166 F.3d 736, 745-46 (5th Cir. 1999); *See Mitchell Energy Corp. v. Samson Resources Co.*, 80 F.3d 976, 986-987 (5th Cir. 1996). Under federal law, post-judgment interest is calculated "from the date of the entry of the judgment." *Id.*

### III.   ANALYSIS

At the outset, the Court can with certainty dispose of several issues that do not draw serious contention between the parties. First, as the prevailing parties, Plaintiffs are entitled to judgment for the full amount of damages awarded by the jury in the trial verdict. Second, as the prevailing parties, Plaintiffs are entitled to awards of all recoverable court costs as lawfully calculated and taxed in accordance with 28 U.S.C. § 1920 and the procedures of Federal Rule of Civil Procedure 54 and Local Rule 54.1. And lastly, the issues raised by Defendant regarding the issuance of writs and processes for enforcement of the Court's judgment are outside the scope of the Joint Motion before the Court. Moreover, the issues are raised on behalf of a non-party to this proceeding that has no standing to oppose or object to the Court's authorization of execution and process for enforcement measures in the judgment.

The Joint Motion presents to the Court for resolution three issues in dispute between the parties. Those issues are as follows: (A) the calculations of pre-judgment interest and post-judgment interest to be assessed on the judgment—namely, the applicable accrual dates and interest rates for each; (B) the specific damages that merit an award of pre-judgment interest; and (C) the further consideration of issues raised in the Renewed Motion (ECF No. 96).

#### A. Pre-Judgment and Post-Judgment Interest Calculations

The parties put forth conflicting calculations for the assessment of pre-judgment interest and post-judgment interest on the judgment. Specifically, the parties dispute both the accrual dates

and the interest rates applicable to each interest. Upon review, the Court finds that: (1) with respect to post-judgment interest, the accrual date should be set to November 13, 2023, and the interest rate should be calculated at 5.35%; and (2) with respect to pre-judgment interest, the accrual date should be set to November 12, 2018, and the interest rate should be calculated at 8.50%.

    1. Post-Judgment Interest

Plaintiffs are entitled to recover post-judgment interest on the judgment in accordance with 28 U.S.C. § 1961. The Court finds that the post-judgment interest begins accruing on the day the Court enters judgment for Plaintiffs in resolution of the instant Joint Motion. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 838-840 (1990); *Krieser v. Hobbs*, 166 F.3d 736, 745-46 (5th Cir. 1999). The Supreme Court and Fifth Circuit decisions in *Kaiser* and *Kreiser* make clear that when multiple judgments are at play, the judgment that controls the calculation of post-judgment interest under 28 U.S.C. § 1961 is that which "meaningfully ascertains" the damages. *Kaiser*, 494 U.S. at 835-36; *Krieser*, 166 F.3d at 745-46. Here, the Court's entry of judgment on the verdict on remand controls the post-judgment interest calculation because it will be the first judgment to meaningfully ascertain Plaintiffs' damages. *Ibid.*

Defendant's position that the trial verdict awarding damages on November 9, 2021 controls the post-judgment interest calculation is inapposite. On-point precedent clearly establishes that it is the *judgment* on those damages that controls post-judgment interest, *not* the *verdict* awarding damages. *See ibid.* Defendant's alternative suggestion that the dismissal judgment on February 1, 2022 controls the post-judgment interest calculation fares no better. That judgment was a take-nothing dismissal of Plaintiffs' claims that stripped them of any right to compensation or damages whatsoever. When a judgment on damages was determined not to be supported by legally sufficient evidence, it is clear the damages could not have been "ascertained" in a meaningful way

for the calculation of post-judgment interest. *Kaiser*, 494 U.S. at 836. Moreover, the Fifth Circuit reversed that dismissal judgment in its entirety on appeal, which again changed the liability and rights of the parties, and thus the determinative judgment for calculating post-judgment liability. For it is equally clear that the calculation of post-judgment interest cannot be controlled by a judgment that was later reversed in its entirety. *Id.* (citing *FDIC v. Rocket Oil Co.*, 865 F.2d 1158, 1161-62 (10th Cir. 1989)). The February 1, 2022 dismissal judgment therefore could not have meaningfully ascertained Plaintiffs' damages here, either. *Kaiser*, 494 U.S. at 836.

On the contrary, the judgment the Court will enter on remand marks the first judgment entered in Plaintiffs' favor based on the jury verdict at trial. In light of this finding, the Court concludes that *Kaiser* and its progeny dictate that post-judgment interest begin accruing on this day, November 13, 2023, and at the currently applicable interest rate of 5.35% per annum, compounded annually, as calculated under federal law. *See* 28 U.S.C. § 1961.

    2. Pre-Judgment Interest

The Court finds that Plaintiffs are entitled to pre-judgment interest accruing at 8.50% per annum from November 12, 2018 until November 12, 2023, the day before the Court's entry of this judgment. The parties do not dispute the applicable state law for calculating pre-judgment interest in personal injury cases. *See* TEX. FIN. CODE ANN. §§ 304.101-304.107.

Under Texas law, pre-judgment interest accrues on the "earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." *Id.* § 304.104. Here, Plaintiffs are entitled pre-judgment interest accruing on November 12, 2018. On May 11, 2018, Plaintiffs' prior counsel sent a letter of representation to Defendant, *see* App. in Supp. of Joint Mot., 6, ECF No. 154, which constitutes a sufficient notice of a claim to commence the 180-day timeframe before pre-judgment

7

interest accrues. *See* TEX. FIN. CODE ANN. § 304.104. With respect to the arrival of mailed letters, courts typically "presume a three-day delivery period through the use of normal mailing channels." *In re Pak*, No. 13-42442, 14-4001, 2015 WL 1637351, at *13 (Bankr. E.D. Tex. Apr. 10, 2015) (applying the three-day mailbox rule to a notice letter under Texas Finance Code, section 304.104). The record indicates that Defendant's counsel expressly acknowledged receipt of the letter of representation in May 2018. *See* ECF No. 154 at 9. Thus, the Court will presume that Defendant received the letter of representation from Plaintiffs' prior counsel within three business days of May 11, 2018, which was May 16, 2018. *In re Pak*, 2015 WL 1637351, at *13. Based on that presumption, the Court finds that pre-judgment interest began to accrue 180 days later, on November 12, 2018.

Defendant objects that the letter of representation did not constitute a sufficient "notice of a claim" under section 304.104 for a myriad of reasons that are without solid ground. Contrary to Defendant's assertion, Plaintiffs were not required to make a "request" for compensation, so long as the attorney letter of representation was sufficient to put Defendant on notice that Plaintiffs were asserting a claim. *See, e.g., K Mart Corp. v. Rhyne*, 932 S.W.2d 140, 145-46 (Tex. App.— Texarkana 1996, no writ) (citing *Bevers v. Soule*, 909 S.W.2d 599, 603 (Tex.App.—Fort Worth 1995, no writ)). In the letter, plaintiffs' prior counsel explicitly concluded "that [Defendant] was negligent and the sole proximate cause of this accident," and requested "that [Defendant] provide [Plaintiffs' prior counsel] with [its] liability insurance information as well any med pay insurance." ECF No. 154 at 9. This was beyond sufficient to put Defendant on notice of an impending claim.

Under Texas law, the pre-judgment interest rate is equal to the state's post-judgment interest rate applicable at the time of judgment, as calculated by the Texas Office of Consumer Credit Commissioner. *Id.* §§ 304.003, 304.004, 304.103. Here, Plaintiffs are entitled to pre-

judgment interest accruing at the currently applicable judgment rate of 8.50% under the Texas Finance Code. *See* Texas Office of Consumer Credit Commissioner, *Interest Rates*, https://occc.texas.gov/publications/interest-rates (last visited November 13, 2023).

### B. Damages Meriting Award of Pre-Judgment Interest

The Court finds that Plaintiff is entitled pre-judgment interest on all damages. In Texas, "[p]rejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Ventling v. Johnson*, 466 S.W.3d 143, 153 (Tex. 2015) (cleaned up). It is not disputed that Plaintiffs remain entitled to recovery of the full amount of damages to be reasonably incurred in the future, as awarded in the jury's verdict. However, Texas law employees a different definition of "future damages" in the context of calculating interest. Future damages are specifically defined as "damages that are incurred after the date of judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(9). In a civil action proceeding in a jury trial, this definition presumes that a judgment be entered immediately or at least very briefly after the issuance of a jury verdict.

Here, the jury determined that Mr. Sauls would reasonably sustain significant damages after the date of the verdict, but did not find whether such damages would occur before or after an entry of judgment because such a date could not have been known to the jury. For instance, it was entirely possible for Mr. Sauls to sustain "medical care expenses" just one day after the verdict was signed or at some point in time after the judgment was signed. If these damages occurred before a judgment was signed, they would necessarily be deemed pre-judgment damages. But if these damages occurred after a judgment was ultimately signed, they would be deemed future damages under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(9).

9

Under the peculiar circumstances here, Mr. Sauls's "future" damages can appropriately be characterized as post-verdict, pre-judgment damages. The jury found that Mr. Sauls would sustain $350,000 in future damages for pain and suffering, $100,000 in future damages for mental anguish, $50,000 in future damages for physical impairment, and $400,000 in future damages for medical care expenses. Notwithstanding that the jury did not determine exactly when Mr. Sauls would sustain these damages, it is nonetheless apparent to the Court that the jury determined he would sustain them during his lifetime. And because the jury found that Mr. Sauls would sustain these damages during his lifetime, Mr. Sauls sustained them before the entry of judgment on account of his death. Accordingly, these damages must be calculated as post-verdict, pre-judgment damages. This is also true of the damages awarded separately to Mrs. Sauls. The jury found that she would sustain $36,000 in future damages for loss of household services and $18,000 in future damages for loss of marital consortium. Because these damages are derivative of Mr. Sauls's injuries, the jury therefore found that Mrs. Sauls would sustain these damages during her husband's lifetime. But because he passed away before an entry of judgment, Mrs. Sauls's future damages, in the same vein as Mr. Sauls's, are most appropriately characterized as post-verdict, pre-judgment damages.

Plaintiffs' future damages are therefore subject to pre-judgment interest under Texas law. In light of this finding, the Court concludes that Plaintiffs are entitled to an award of pre-judgment interest accruing at 8.50% per annum from November 12, 2018 until November 12, 2023, the day before the Court enters judgment on the verdict in favor of Plaintiffs on remand. *See* TEX. FIN. CODE ANN. § 304.104.

### C.  Renewed Motion for Judgment as a Matter of Law and Motion for New Trial

Defendant avers that neither the Court at first instance nor the Fifth Circuit on appeal have addressed all of the arguments Defendant raised in support of its Renewed Motion for JMOL and

10

Motion for New Trial. Def.'s Resp. 14–15 ECF No. 157. Consequently, Defendant maintains, the Court must now proceed to decide all of the other issues briefed in the Renewed Motion because they were necessarily reserved for the Court's resolution on remand. On top of that, Defendant moves the Court to direct additional post-judgment briefing on all of these issues. Plaintiffs counter that every ground for relief requested in the Renewed Motion is precluded on remand and the Court agrees. In so agreeing, the Court rejects Defendant's offer to fully relitigate and denies Defendant's Renewed Motion in its entirety.

1. Grounds for New Trial Motion

For starters, the Court's grant of the Renewed Motion at first instance was limited only to the "open and obvious" condition. *Sauls v. 24 Hour Fitness USA, Inc.*, No. 4:19-CV-00953-O, 2022 WL 296051, at *5 (N.D. Tex. Feb. 1, 2022). The Court otherwise explicitly denied Defendant's Motion for New Trial, *id.*, which was a distinct prayer for relief predicated upon distinct supporting arguments. *See* Def.'s Resp. 15, ECF No. 157. Defendant could have challenged the Court's decision to deny the request for a new trial on appeal but did not do as much. Consequently, Defendant has waived reconsideration of the Motion for New Trial and all underlying issues raised in support of that particular form of relief. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (explaining that under waiver doctrine, "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand" (emphasis in original)). As such, the Court is "precluded from revisiting" on remand its prior ruling on the Motion for New Trial, *see Sauls*, 2022 WL 296051, at *5, as well as the three arguments accompanying the Motion, *see* Def.'s Renewed Motion 15-23, ECF No. 96 at; Def.'s Resp. 15, ECF No. 157, all of which "could have been but were not challenged on an earlier appeal." *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 615 (5th Cir. 2015) (cleaned up).

## 2. Grounds for Renewed JMOL Motion

Additionally, the alternative grounds raised in support of the Renewed Motion have either been expressly or implicitly rejected by the opinion and judgment of the Fifth Circuit, thereby precluding their reconsideration on remand.

The law-of-the-case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Med. Ctr. Pharmacy*, 634 F.3d at 834 (cleaned up). To that end, "an issue of . . . law decided on appeal may not be reexamined by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (cleaned up). Under this doctrine, even arguments that were "not advanced on appeal may be lost because they are found wrapped up with a larger issue that was decided" on appeal. *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) (cleaned up). This is because the doctrine covers and therefore precludes reexamination of "those issues decided by 'necessary implication.'" *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (citing *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001)); *see Crocker*, 49 F.3d at 739 ("What identifies this as true law-of-the-case preclusion is that the first appeals court has affirmatively decided the issue, be it explicitly or by necessary implication."). Despite not having been explicitly addressed in an initial appellate decision, "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case." *In re Felt*, 255 F.3d at 225.

Here, the Fifth Circuit did not explicitly address the briefed alternative grounds for JMOL relief, which contended that Defendant's spa did not pose an "unreasonable risk of harm" and that Defendant was "not the proximate cause" of the injuries. *See* Def.'s Renewed Mot. 4, 12-14, ECF

No. 96 at; Def.'s Resp. 15, ECF No. 157. But these alternative grounds were "wrapped up with" the Fifth Circuit's decision on the open and obvious issue and judgment rendered for Plaintiffs on appeal. *Crocker*, 49 F.3d at 739. The Fifth Circuit cited approvingly to Plaintiffs' experts as valid trial evidence and expressly held that the jury had a "legally sufficient evidentiary basis" to reach its trial verdict for Plaintiffs:

> Thus, drawing all reasonable inferences in favor of [Plaintiffs] and to the jury verdict, which *overwhelmingly* found [Defendant] ninety percent at fault for the injuries, we find there is a *legally sufficient evidentiary basis for a reasonable jury* to find for [Plaintiffs].

*Sauls*, 2023 WL 4399241, at *2-*3 (emphasis added). Here, the Fifth Circuit did not merely reverse the Court's dismissal, but went as far as to render judgment for Plaintiffs on the entire premises-liability claim underlying the Renewed Motion. *Id.* at *3. And because the issues of unreasonable risk of harm and proximate cause "were necessary predicates to the ability" of the Fifth Circuit to decide the legal sufficiency of the entire claim and render judgment for Plaintiffs, the Court finds that these alternative grounds for the Renewed Motion must "have been decided tacitly or implicitly," and thus "their disposition is law of the case" on remand. *In re Felt*, 255 F.3d at 225.

A federal district court "has no power or authority to deviate from the mandate issued by an appellate court." *League of United Latin American Citizens v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012) (cleaned up). "The mandate rule requires that a '[federal] district court follow both the letter and spirit of the mandate by taking into account the appeals court's opinion and circumstances it embraces.'" *Id.* (quoting *United States v. Carales-Villalta,* 617 F.3d 342, 344 (5th Cir. 2010) (cleaned up)).

Here, the Fifth Circuit remanded the case to the Court for proceedings consistent with the Fifth Circuit's opinion reversing the dismissal judgment as a matter of law and rendering judgment for Plaintiffs on the entire premises-liability claim. J. & Mandate, ECF No. 131; Op. ECF No. 132. Nowhere in the opinion and judgment does the Fifth Circuit request, authorize, or merely suggest

that the Court reconsider or grant Defendant's Renewed Motion for Judgment as a Matter of Law or Motion for New Trial. The Motion was filed and decided at first instance nearly two years ago. *See* Def.'s Renewed Mot. ECF No. 96; Mem. Op. & Order, ECF No. 104. Defendant's invitation to reexamine the Motion and dismiss the case again would have the Court trample over "both the letter and spirit of the mandate" and accompanying opinion handed down by the Fifth Circuit. *Carales-Villalta,* 617 F.3d at 344. In light of the foregoing, the Court concludes that the law of this case precludes reexamination of any substantive issues bearing on the legal sufficiency of Plaintiffs' premises-liability claim, as they have all been "decided by 'necessary implication'" by the Fifth Circuit. *Alpha/Omega Ins.*, 272 F.3d at 279.

## IV.     CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' and Intervenor's Joint Motion for Entry of Judgment (ECF No. 153) should be and is hereby **GRANTED**. Separate final judgment shall issue.

**SO ORDERED** on this **13th day** of **November, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

14